# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 25, 2008

133988

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

DOROTHY MINTER,
        Plaintiff-Appellee,

v

CITY OF GRAND RAPIDS and JOHN
EDWARD-RHEEM WETZEL,
        Defendants-Appellants.

SC: 133988
COA: 273017
Kent CC: 03-005719-NI

_____/

On January 9, 2008, the Court heard oral argument on the application for leave to appeal the April 12, 2007 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals, for the reasons stated in the Court of Appeals dissenting opinion, and we REINSTATE the judgment of the Kent Circuit Court granting the defendants' motion for summary disposition. Although the Court of Appeals majority correctly affirmed the Kent Circuit Court's order granting the defendants' motion for summary disposition regarding the plaintiff's broken toe and cervical strain, the majority erred in reversing the circuit court's order granting the defendants' motion for summary disposition regarding the plaintiff's closed head injury and scar.

CAVANAGH, J., would deny leave to appeal.

WEAVER, J., dissents and states as follows:

I dissent from the majority of four's (Chief Justice Taylor, and Justices Corrigan, Young, and Markman's) reversal of the judgment of the Court of Appeals for the reasons stated in the Court of Appeals dissent and reinstatement of the trial court's grant of defendants' motion for summary disposition, because the Court of Appeals majority and dissenting analyses and application of *Kreiner v Fischer*, 471 Mich 109 (2004), continue the misinterpretation of MCL 500.3135 brought about by the majority of four's opinion in *Kreiner*. Although the Court of Appeals majority may have reached the correct result,

I would grant leave to appeal to reconsider and correct the majority's misinterpretation of MCL 500.3135 in *Kreiner*.

By importing the concept of permanency of injury into MCL 500.3135—a concept that is nowhere referenced in the text of the statute—the majority of four, in *Kreiner*, actively and judicially legislated a permanency and temporal requirement to recover noneconomic damages in automobile accident cases.[1]  The *Kreiner* interpretation of MCL 500.3135 is an unrestrained misuse and abuse of the power of interpretation, masquerading as an exercise in following the Legislature's intent, which needs to be corrected to comport with the actual text of MCL 500.3135.

KELLY, J., joins the statement of WEAVER, J.

KELLY, J., dissents and states as follows:

I would grant leave to appeal in this case because I disagree with the majority's reliance on the Court of Appeals dissenting opinion.

I am troubled by the analysis of the issue of serious impairment of body function in that opinion.  The statutory definition of serious impairment of body function requires us to examine the effect of an impairment on a person's "general ability to lead *his or her* normal life."[2]  The definition requires us to begin by looking at what plaintiff did before her accident.  Instead, the Court of Appeals dissent begins by looking at what plaintiff did not do.  It describes plaintiff as an elderly woman who, before her accident, received Social Security disability benefits, needed help from family members with household chores, and did not drive a car.  In short, plaintiff did not work, did not engage in housework, and did not drive.  After the accident, she continued to receive Social Security disability benefits, continued to need help from her family members, and continued not to drive.  Thus, she does not work, does not engage in housework, and does not drive.  The before-and-after-accident comparison compares negatives and tells us nothing about how the accident affected plaintiff's life.

We should be careful not to punish this or any injured person for not being young, healthy, self-sufficient, employed, and a driver before suffering injury in an accident.  The statute does not speak in terms of "*a*" model normal life.  Yet, the Court of Appeals dissent concluded that plaintiff failed to establish that her impairment "interfered with her general ability to lead *a* normal life."  The dissent's approach and its conclusion are contrary to the statutory language.  This Court should not unthinkingly endorse them.

---

[1] For further analysis of the problems created by the majority of four's *Kreiner* opinion, see my dissent in *Jones v Olson*, ___ Mich ___, ___ (2008).

[2] MCL 500.3135(7).

In addition, the Court of Appeals split three ways on the issue whether the scar on plaintiff's face constituted permanent serious disfigurement. At oral argument, even defendants' attorney urged the Court to grant leave to consider the various approaches the Court of Appeals has taken on this issue. Yet, without the benefit of briefing or any serious discussion of the issue, the majority endorses the objective approach of the Court of Appeals dissent.

It is unclear to me why this approach is better than the others. A facial scar can cause significant embarrassment to the person bearing it. And, as the lead Court of Appeals opinion suggests, it may disrupt the person's ability to communicate. While the record is not well developed on this point, plaintiff did suggest in her deposition that she had trouble frowning. This Court should consider whether facial scars should be evaluated in a more nuanced and dynamic framework.

For the reasons stated above, I would grant leave to appeal in this case.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 25, 2008

_Corbin R. Davis_
Clerk

t0416